UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES WILLIAM SALES, | ) |
| Plaintiff, | ) |
| v. | ) Case No.:2:20-cv-01121-AMM-JHE |
| CORBIN D. TUNSTALL, et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Pursuant to 28 U.S.C. § 1915(b)(1), this action cannot proceed without payment of the initial partial filing fee. Despite multiple orders from this court instructing the plaintiff to pay the initial partial filing fee to commence this action, the plaintiff has failed to do so. After the plaintiff's first three failures to pay the initial partial filing fee, the court provided the plaintiff with two additional opportunities to inform the court that he was unable to pay the initial partial filing fee. However, the plaintiff has not complied with those court orders.

"[I]f a prisoner brings a civil action . . . the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of -- (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-

month period immediately preceding the filing of the complaint . . . ." 28 U.S.C. § 1915(b)(1). In accordance with this requirement, on August 7, 2020, the magistrate judge granted the plaintiff's application to proceed *in forma pauperis*, ordering the plaintiff to pay an initial partial filing fee of $44.79, and to return a signed Prisoner Consent Form, both within thirty days. Doc. 4. The order notified the plaintiff that the failure to comply could result in the dismissal of this action without further notice. *Id.* at 2. On August 10, 2020, the plaintiff filed an amended motion for leave to proceed *in forma pauperis,* which the magistrate judge found to be moot.[1] Docs. 6 and 7. The magistrate judge further reminded the plaintiff of his obligation to return a signed Prisoner Consent Form and to pay the initial partial filing fee in order to proceed with this action. Doc. 7.

On August 26, 2020, the plaintiff returned a signed Prisoner Consent Form, but failed to remit the initial partial filing fee. Doc. 8. On September 2, 2020, the plaintiff returned another signed Prisoner Consent Form, again without payment of the initial partial filing fee. Doc. 9. Therefore, on September 16, 2020, the magistrate judge entered an order instructing the plaintiff he was responsible for payment of the initial partial filing fee, allowing him an additional fourteen days to pay the initial partial filing fee, and again notifying him that the failure to pay the initial partial

---

[1] While the plaintiff's first motion to proceed *in forma pauperis* included a certified copy of his prisoner account statement, the August 10, 2020, application did not. *See* Docs. 2 and 6.

filing fee could result in the dismissal of this action without further notice. Doc. 10. After that additional time elapsed without the plaintiff complying with or otherwise responding to that order, on October 8, 2020, the magistrate judge entered a report and recommendation that this action be dismissed based on the plaintiff's failure to prosecute. Doc. 12. The plaintiff was advised of his right to file objections to that report and recommendation within fourteen days of its entry. *Id.* at 2.

The plaintiff did not file objections to the report and recommendation. However, on October 22, 2020, the plaintiff filed a motion to appoint counsel. Doc. 13.[2] The magistrate judge denied that motion, but also construed it as an indication that the plaintiff wished to proceed with this action. Doc. 14. Accordingly, on October 23, 2020, the magistrate judge withdrew the report and recommendation of dismissal, and again ordered the plaintiff to either pay the previously assessed initial partial filing fee or explain to the court why he was unable to pay that sum. *Id*. at 2. The magistrate judge again advised the plaintiff that the failure to comply with his instructions could result in the dismissal of this action for failure to prosecute. *Id*. The plaintiff failed to comply with that order.

---

[2] It is unclear if plaintiff's motion to appoint counsel was properly docketed in this case. This court's review of the motion, which does not include a case number, suggests that the plaintiff may have intended to request counsel in 2:20-cv-01682-KOB-JHE. However, that determination is not material to the dismissal of this action for failure to prosecute.

3

On October 26, 2020, the plaintiff filed a new complaint and application to proceed *in forma pauperis*, docketed as Case No.: 2:20-cv-01685-AKK-JHE.[3] The court found the claims in the new case duplicative of the claims in this action, and on November 16, 2020, construed the new complaint as supplementing the complaint in this case, and closed the new action. Docs. 15 and 16. The court also advised the plaintiff that his original action remained pending and that he remained obligated to comply with the order of October 23, 2020. Doc. 15 at 3. The court allowed the plaintiff until December 14, 2020, to follow those previous instructions and once again advised the plaintiff that the failure to do so could result in the dismissal of this action for failure to prosecute. *Id*. at 3-4.  The plaintiff failed to comply with or otherwise respond to the November 16, 2020, order.

Based on the foregoing, this action is due to be dismissed without prejudice based on the plaintiff's failure to prosecute.  A separate order of dismissal will be entered.

**DONE** and **ORDERED** this 12th day of January, 2021.



_____
ANNA M. MANASCO
UNITED STATES DISTRICT JUDGE

---

[3] The application to proceed *in forma pauperis* filed with Case No. 2:20-cv-01685-AKK-JHE failed to include a certified copy of the prisoner's account statement.  Rather, the plaintiff attached an incomplete, unsigned Certification in which he wrote "0" in each column. Case No. 2:20-cv-01685-AKK-JHE, Doc. 2 at 3.